UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br> *ex rel.* LAUREN KIEFF and WILLIAM <br> LaCORTE, <br> <br>     Plaintiffs, <br> <br> v. <br> <br> WYETH, <br> <br>     Defendant. | Case No. 03-CV-12366-DPW <br> Case No. 06-CV-11724-DPW |

**[PROPOSED] ORDER**

As a result of a conference held before the Court on May 17, 2016, and by agreement of all parties, IT IS ORDERED:

1.  The United States shall deposit into the registry of the United States District Court for the District of Massachusetts ("the Court") the sum of $64,000,000.00, (the Federal Relator's Share) as soon as practicable. Upon the deposit of the Federal Relator's Share into the Court's registry, the United States shall be discharged and released from any further obligation for payment under the applicable Federal Settlement Agreement.

2.  After the States of California, Delaware, Florida, Hawaii, Illinois, Indiana, Louisiana, Michigan, Nevada, New Hampshire, New Mexico, New York, Tennessee, Texas, Wisconsin, the Commonwealth of Massachusetts, the Commonwealth of Virginia and the District of Columbia (collectively, the "Named *Qui Tam* States") and Wyeth have signed the respective state settlement agreements, the State of New York shall deposit the amount of the relator share attributable to each signatory Named *Qui Tam* state into the registry of the Court,

up to an aggregate amount of $34,367,074.19 (the States' Relator's Share), as soon as practicable. Upon the deposit of the States' Relator's Share into the Court's registry, the Named *Qui Tam* States shall be discharged and released from any further obligation for payment under the applicable state settlement agreement.

    3.    Immediately upon deposit of the Federal Relator's Share into the registry of the Court, it is ORDERED that the federal funds be partially disbursed as follows:

    a.    $15,616,000.00 of the amount of the federal funds on deposit in the registry of the Court, immediately payable to Lauren Kieff;

    b.    $9,984,000.00 of the amount of the federal funds on deposit in the registry of the Court, immediately payable to Cohen Milstein Sellers & Toll, PLLC;

    c.    The remaining $38,400,000.00 of the amount of the federal funds on deposit in the registry of the Court payable to Dr. LaCorte shall remain in the registry of the Court until further Order of the Court.

    4.    Immediately upon deposit of the States' Relator's Share, into the registry of the Court, it is ORDERED that the state funds be partially disbursed as follows:

    a.    36.6% of the amount of the state funds on deposit in the registry of the Court, up to a maximum of $12,578,349.15, immediately payable to Lauren Kieff;

    b.    23.4% of the amount of the state funds on deposit in the registry of the Court, up to a maximum of $8,041,895.36, immediately payable to Cohen Milstein Sellers & Toll, PLLC;

56824646_1

    c.    The remaining 40% of the amount of the state funds on deposit in the registry of the Court, up to a maximum of $13,746,829.68, shall remain in the registry of the Court until further order of the Court;

    5.    The funds remaining in the Court's registry after the clerk makes the immediate distributions to Lauren Kieff and her attorneys pursuant to paragraphs 3 and 4 are hereinafter collectively referred to as the "Remaining Registry Funds". The Remaining Registry Funds shall remain in the registry of the Court until further order of the Court. In accordance with Local Rule 67.2, the Remaining Registry Funds shall be placed in interest-bearing instruments in the Court Registry.

    6.    Consistent with the terms of the Federal Settlement Agreement executed by the United States, Defendants, and Relators, upon the payment by the United States into the registry of the Court, as contemplated by this Order, all claims asserted on behalf of the United States against Defendants in this action for the Covered Conduct as defined in Paragraph D of the Federal Settlement Agreement shall be dismissed with prejudice, and all remaining claims against Defendants in the above-referenced actions shall be dismissed with prejudice to Relators and without prejudice to the United States, except the claims which are expressly preserved, and listed as follows:

    i.    Relator LaCorte's request for reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) and state false claims acts; and

    ii.    Relator and Movant William St. John LaCorte's Motion to Reopen Case and Quash Attorney's Lien.

56824646_1

Pursuant to Federal Rule of Civil Procedure 54, Dr. LaCorte's request for reasonable attorneys' fees and costs shall be made no later than fourteen (14) days from dismissal effective upon the payment by the United States of funds into the registry of the Court.

7. The Court has been notified that Boone & Stone and Vezina & Gattuso, LLC have filed a "Motion to Enforce Settlement" [Doc. 316] in a matter that was filed in the United States District Court for the Eastern District of Louisiana styled *United States ex rel William St. John LaCorte v. Merck & Co., Inc.,* Civil Action No. 99-3807  Until the Louisiana district court rules on that motion, this Court will defer any actions on the disputes between and among Boone & Stone, Vezina & Gattuso, LLC, and Relator Dr. LaCorte, The Sakla Law Firm, APLC, Sakla concerning the allocation of the Remaining Registry Funds.  If the United States District Court for the Eastern District of Louisiana determines to exercise jurisdiction over the Motion to Enforce Settlement this Court will order the clerk to transfer the Remaining Registry Funds to the clerk of the United States District Court for the Eastern District of Louisiana.  However, if Louisiana district court decides not to assert jurisdiction over the Motion to Enforce Settlement and disposition of the Remaining Registry Funds, this Court will retain the funds on deposit in its registry, take jurisdiction over the disputes between Boone & Stone and Vezina & Gattuso, and Relator Dr. LaCorte, The Sakla Law Firm, APLC, and Sakla, and conduct such proceedings as are appropriate to hear and determine the disposition of the Remaining Registry Funds.

IT IS SO ORDERED this _____ day of May, 2016.

_____
THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

56824646_1