# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA, *et al.*, *ex rel.*
WILLIAM LaCORTE,

     Plaintiffs,

          v.

WYETH,

     Defendant.
_____

Civil Action No. 06-11724-DPW

## JOINT MOTION OF RELATOR WILLIAM ST. JOHN LACORTE, VEZINA & GATTUSO, LLC AND BOONE & STONE TO EFFECTUATE SETTLEMENT

Relator William St. John LaCorte ("Relator" or "Dr. LaCorte") and Vezina & Gattuso, LLC and Boone & Stone (collectively, "Former Counsel") respectfully move the Court to take the actions requested herein in order to effectuate the parties' agreement to settle disputes between them, as set forth in the executed Rule 408 Offer of Settlement attached hereto and incorporated by reference as Exhibit A (the "Settlement Agreement").

Pursuant to that Agreement, Relator and Former Counsel request that 62% of the Relator's Share deposited by the United States into the Court's Registry (ECF No. 554) be released to Relator, along with any interest accrued on that portion of the Relator's Share. Relator agrees that the balance of the funds held in the Registry of the Court constitutes contingency attorneys' fees to be allocated among Vezina & Gattuso, LLC, Boone & Stone and The Sakla Law Firm APLC ("Sakla"). Relator waives any claim to such contingency attorneys' fees funds.

Former Counsel request that their Claim of Attorney's Lien, ECF No. 535-1, be modified to state a claim of lien as to only the 38% of the Relator's Share (plus accrued interest) that will remain in the Registry of the Court after the above distribution to Relator.

As soon as the requested distribution to the Relator has been made, Relator requests that his pending Motion For Partial Release of Relator's Share, ECF No. 575, be dismissed as moot, and Former Counsel request that their Motion to Enforce Settlement Agreement, ECF No. 560, be dismissed as moot.

Relator also requests that Relator's Motion to Reopen Case and Quash Attorney's Lien, ECF No. 535, be dismissed with prejudice.

Relator requests that the Court permit withdrawal of his Opposition to Former Counsel's Motion for Leave to Intervene, ECF No. 585.   Relator and Former Counsel agree that Dr. LaCorte shall not have any obligation to file an answer to Former Counsel's Intervenors' Complaint, if and when it is allowed.

Finally, Relator and Former Counsel request that the discovery deadline in place for the remaining dispute between Former Counsel and Sakla regarding the contingency attorneys' fees that remain in the Registry of the Court be extended from November 18, 2016 (*see* ECF No. 616) to December 9, 2016, solely for purposes of Relator's deposition, which for reasons related to his medical practice, he requests be held the week of December 5, 2016 in Boston.  Former Counsel and Sakla have agreed to this request.

2

Respectfully submitted,

/s/ Silvija A. Strikis
Silvija A. Strikis (*pro hac vice*)
Thomas B. Bennett (*pro hac vice*)
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, P.L.L.C.
1615 M St., NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
sstrikis@khhte.com
tbennett@khhte.com

William F. York, BBO # 537260
John G. Hofmann, BBO # 653989
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street, P.O. Box 9601
Boston, MA 02114-9601
(617) 227-9999
wyork@gilmac.com
jhofmann@gilmac.com

*Attorneys for Relator William St. John LaCorte*

**VEZINA & GATTUSO, LLC and
BOONE & STONE**

By their attorneys,

/s/  Christopher R. O'Hara
Christopher R. O'Hara (BBO#548611)
TODD & WELD, LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
cohara@toddweld.com

November 15, 2016

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all CM/ECF participants.

/s/ Silvija A. Strikis
Silvija A. Strikis (*pro hac vice*)
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
sstrikis@khhte.com

*Attorney for Relator William St. John LaCorte*

4

## EXHIBIT A

RULE 408 OFFER OF SETTLEMENT/
FOR SETTLEMENT PURPOSES ONLY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al, *ex rel.* WILLIAM LACORTE, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 06-cv-11724-DPW |
| v. | ) ) | |
| WYETH, | ) ) | |
| Defendant. | ) ) ) | |

**RULE 408 OFFER OF SETTLEMENT BY**
**VEZINA & GATTUSO, LLC AND BOONE & STONE**
**TO RELATOR WILLIAM ST. JOHN LACORTE**

Pursuant to Rule 408 of the Federal Rules of Evidence, Vezina & Gattuso, LLC and Boone & Stone (collectively "Former Counsel") and Relator William St. John LaCorte ("Relator" or "Relator Dr. LaCorte") and for good and valuable consideration, including in consideration for agreeing to accept division of the funds currently on deposit in the registry of the Court representing Relator Dr. LaCorte's share of recovery as a relator in this case (the "Relator's Share") as 62% to Relator as his portion of the Relator's Share and 38% as contingency attorneys fee to be allocated among the three law firms, Relator Dr. LaCorte and Former Counsel agree as follows:

- Relator Dr. LaCorte agrees to accept division of the Relator's Share into 62% of the amount on deposit (including any pro rata accrued interest) for the Relator Dr. LaCorte and a contingency attorneys fee of 38% (including any pro rata accrued interest) to be allocated among the law firms The Sakla Law Firm, APLC,  Vezina & Gattuso, LLC and Boone & Stone  as attorneys' fees, as determined by the Court;

RULE 408 OFFER OF SETTLEMENT/
FOR SETTLEMENT PURPOSES ONLY

- Relator forever relinquishes in full any claim to 38% (including any pro rata accrued interest) of the Relator's Share, which Relator expressly agrees constitutes contingency attorney fees to be allocated among The Sakla Law Firm, APLC, and Vezina & Gattuso, LLC and Boone & Stone; Relator knowingly and intentionally waives forever any right to claim any portion of the 38% (including any pro rata accrued interest) of the Relator's Share;

- Relator Dr. LaCorte and Former Counsel agree to report to the Court, that Relator agrees to accept division of Relator's Share of 62% (including any pro rata accrued interest) for the Relator Dr. LaCorte and contingency attorney fees of 38% (including any pro rata accrued interest) to be allocated among the three law firms, The Sakla Law Firm, APLC, Vezina & Gattuso, LLC and Boone & Stone, and that Former Counsel do not oppose the release of the 62% of Relator's Share (including any pro rata accrued interest) from the registry of the Court to Relator Dr. LaCorte;

- Relator agrees to dismiss *with prejudice* his pending Motion to Reopen Case and Quash Attorneys' Lien (*see* ECF No. 535), and to dismiss his Motion for Partial Release of Relator's Share as moot (ECF No. 575), and to release and dismiss with prejudice other claims against Former Counsel in this action and any other action;

- Former Counsel agree to modify that portion of their attorneys' lien to cover only 38% (including any pro rata accrued interest) of the total Relator's Share currently held in the registry of the Court and to consent to release that portion of their attorneys' lien with respect to 62% of the Relator's Share (including

any pro rata accrued interest) on the Relator's Share currently held in the registry of the Court (ECF No. 535-1), to dismiss as moot their motion to enforce settlement agreement (ECF No. 560) and to release all of Former Counsel's other claims against Relator in this action and any other action;

- Former Counsel agree not to make any demands with respect to any statutory fees that may be awarded to Relator and/or any other counsel i n this action. Nothing in this Offer of Settlement is intended to have any effect on Relator's pending motion for statutory fees.

- Relator, Boone & Stone, and Vezina & Gattuso, LLC each agree to release one another fully in mutual general releases from any claims, counterclaims, third-party claims, or any claims of any kind against each other related to this action, and from any other claims that any of them has against the other that exist or may exist as of the date of acceptance of this offer.

This Rule 408 Offer of Settlement shall expire if not accepted by 5 pm EST on Thursday, November 10, 2016 by returning the Rule 408 Offer of Settlement with a signed and authentic signature of Relator, Dr. William St. John LaCorte and Former Counsel Marc Vezina. The provisions of this Rule 408 Offer of Settlement are not severable and must be accepted in their entirety. This Rule 408 Offer of Settlement is inclusive of any fees or costs incurred to date, including attorneys' fees, relating to any disputes between Relator and Former Counsel. This Rule 408 Offer of Settlement is made for the purposes of Rule 408 only, and is not admissible in any court proceeding for any reason, other than to enforce this Offer of Settlement if it is accepted by Relator. Neither the Rule 408 Offer of Settlement nor

RULE 408 OFFER OF SETTLEMENT/
FOR SETTLEMENT PURPOSES ONLY

any court action that may result from this Rule 408 Offer of Settlement shall be construed as

an admission of liability on the part of Former Counsel or the Relator.

     A copy signed and delivered via e-mail/PDF attachment shall be treated as and deemed

to be an original.  This Rule 408 Offer of Settlement may be executed in counterparts which

together shall constitute a single agreement.

                  VEZINA & GATTUSO, LLC

                  By:_____
                     . Marc Vezina

                  BOONE & STONE

                  By:_____
                     William Stone

                  _____
                  William St. John LaCorte, M.D.

Dated:  November 10, 2016

RULE 408 OFFER OF SETTLEMENT/
FOR SETTLEMENT PURPOSES ONLY

any court action that may result from this Rule 408 Offer of Settlement shall be construed as

an admission of liability on the part of Former Counsel or the Relator.

  A copy signed and delivered via e-mail/PDF attachment shall be treated as and deemed

to be an original.  This Rule 408 Offer of Settlement may be executed in counterparts which

together shall constitute a single agreement.

       VEZINA & GATTUSO, LLC


By:_____
   J. Marc Vezina


BOONE & STONE

By:_____
   William Stone


_____
William St. John LaCorte, M.D.

Dated:  November 10, 2016

RULE 408 OFFER OF SETTLEMENT/
FOR SETTLEMENT PURPOSES ONLY

any court action that may result from this Rule 408 Offer of Settlement shall be construed as

an admission of liability on the part of Former Counsel or the Relator.

     A copy signed and delivered via e-mail/PDF attachment shall be treated as and deemed

to be an original.  This Rule 408 Offer of Settlement may be executed in counterparts which

together shall constitute a single agreement.

               VEZINA & GATTUSO, LLC


By:_____
       J. Marc Vezina


               BOONE & STONE


By:_____
       William Stone


               William St. John LaCorte, M.D.


Dated:  November 10, 2016